172329 Wade v. Wilkie We're ready when you are, Mr. Carpenter. Yeah, please start, Kenneth Carpenter. Defying argument to chemical formulas. I can assure you I'm going nowhere near that. Kenneth Carpenter appearing on behalf of Mr. Joseph Wade. The issue in this case, Your Honor, is whether or not the decision of the Veterans Court relied upon a misinterpretation of a VA regulation, specifically 38 CFR 3. Excuse me, 4.16 perens A. I direct the court's attention to page two of the court's decision at appendix two of the joint appendix. It is clear there that the board relied exclusively upon evidence from a VA examiner about Mr. Wade's ability to perform sedentary employment. Are you disagreeing with the board's weighing of the opinion of that examiner? No, Your Honor, because an opinion about sedentary employment goes to the legal test, the standard for entitlement to an extra scheduler total rating. The term or phrase sedentary employment or the ability to perform sedentary employment does not exist in 4.16. Therefore, they can't do it because it doesn't exist there? You're saying that the use of sedentary employment as a factor is precluded by the regulation? Unless the sedentary employment is tied to the earning ability under sedentary employment. 4.16 is a regulation that is structured by the VA that deals with not the inability to work in totality, but the disability that arises to prevent... You can rely on sedentary... Unless it is employment which is more than marginal. Substantially gainful employment. Substantially gainful employment. Substantially gainful employment is described in the regulation... Isn't that just a subset? Substantially gainful sedentary employment would be a subset of substantially gainful employment. No. It would be in the broad generic sense that would be a correct statement, Your Honor. But in the context of 4.16, 4.16A specifically describes marginal employment, which then permits the veteran to earn up to the poverty level for a single person. A mere statement that a veteran is capable of sedentary employment is no more valuable than the statement that he is capable of employment. It is capable of more than marginal employment that is required. But the board made the legal finding here that he is capable of obtaining substantially gainful employment, didn't it? It did, Your Honor. But that finding... And the court found that there was evidence to support that. Desk work without social interaction... Are you saying that the court applied a different standard than the board? No, I'm saying that the court in adopting the standard relied upon the board misinterprets the regulation. But the board said the evidence of record does not support a finding that due to the appellant's service-connected disabilities, he has an inability to obtain and retain substantially gainful employment consistent with his education and history. Part of that is a quote from the board. I'm looking at appendix page three in the board. The court's opinion, I'm sure you're aware of it. That's a correct legal standard, right? Whether or not he can obtain and retain substantially gainful employment with his education and history. That's correct, Your Honor. The board made a finding that he could. Yes, based upon evidence of the ability to perform sedentary employment. And the ability to perform sedentary employment... That sounds to me like you're quibbling with what evidence supports the board's legal finding. No, Your Honor. I am quibbling with the misuse of VA examiners to use a legal standard that does not appear in the regulation. They're not using that legal standard. They're using the notion that they can gain meaningful sedentary employment as evidence that they can gain meaningful gainful employment, aren't they? No, Your Honor. They are establishing an equivalence between the ability to perform sedentary employment with the ability to perform more than marginal employment. And those two are not equivalent. Any more than the ability to work and earn less than marginal employment, less than the poverty level, equals the inability... Well, I get what you're saying. I mean, if what they meant by sedentary employment was he can show up and work for minimum wage for two hours a week, and because that would limit his social interactions, that wouldn't meet the meaningful gainful employment standard. That's correct. But that doesn't seem to be the type of evidence that the examiner is talking about. I think they're talking more generally about he can sustain work in a desk job or position where his social interactions are minimized. Aren't they saying when they use the word sustained, they may not be specifically using the word gainful employment above marginal and the like, but they're going through all this evidence and they're looking at it and they're saying, yes, he has PTSD. They looked at his history at the steel workers and said, yes, he had problems with the supervisors, but he got along with his coworkers. If he's in a certain environment, he can work in a certain job. Isn't that what they're ultimately saying? And you're asking us to read the evidence differently. No, I'm not asking you to read the evidence differently. I'm asking you to examine the evidence to determine whether there is any evidence that connects with the legal standard in 416. The mere statement by the VA examiner that he is capable of performing sedentary work is not equivalent to the ability to earn more than marginal income. To get a sedentary job does not mean that that sedentary job will produce more than marginal income. And there is no evidence in the record. Did he previously have work that was more than marginal? I'm sorry? Did he previously? Yes, he previously did. And the question here is from the date that he made this application forward, after he left the 20 years in the steel industry, did his disability from that point limit his ability to, even in a sedentary environment, earn more than marginal earnings?  What the VA is doing is using the back door to take its VA examiner to offer an opinion about a concept that doesn't exist in the regulation of sedentary employment and justify that. Your argument seems to be that the VA must introduce evidence in some fashion of what sort of work, specific work, what sort of specific pay the veteran can get. They have to establish a reasonable basis in the record to conclude that if he found sedentary employment, A, he could maintain it, and B, he would earn more than marginal earnings. And why? Not to simply make the global statement that he is capable. Being capable, and that's the only conclusion. This court indeed said that the role of the medical examiner is to assess the symptoms. But that's a factual question. I mean, you're not making some kind of argument that they have to, in every one of these TDIU cases, bring in a vocational expert, are you? I know that that argument, I don't know if you've pressed it, but it's certainly been pressed before, but I don't think it's ever been accepted by this court. Well, what I am suggesting is, Your Honor, that without vocational evidence, that there isn't evidence to meet the legal standard of the ability to earn more than marginal income. Supposing the initial VA examiner had said to him, you know, what kind of work can you do that's sedentary? And ask him, how much does that pay? Does it pay more than the minimum wage? Would that have satisfied you? No, Your Honor. Because particularly when you're dealing with a psychiatric disability, we're talking about sustainability. But that psychiatric examiner is capable of determining that part. If he has a factual basis, yes. But that factual basis would have to be based upon some actual performance by the veteran. That the veteran has shown in this relevant period. Why? It's a fact-finding. Why can't that examiner say, based on my expertise, I've talked to this individual, and he tells me he can do this kind of sedentary work, and it pays a sufficient salary. And based on my expertise, I determine that he is psychologically capable of doing that. I've asked him the right questions, and that's my determination. Why not? Well, this court said in Gieb that that's not the role of the medical examiner. That the role of the medical examiner is not to supplant the responsibility of the VA rating specialist. That that answer has to be an answer made by the rating specialist based upon the evidence. And that what the medical examiner does, according to this court's decision in Gieb, is to assess the symptoms. Describe what those symptoms do to impair or not to impair. Not to simply inquire of the veteran, but to look at the actual symptoms in the record of the severity, frequency, and duration of those symptoms. And how they impact the ability to earn more than marginal income. And again, it's a two-step. It's to both get the job and to maintain the job. To secure and to follow. That is what is necessary for the sustained... Is that a second step? You've said that a few times, like there are two steps. And one is that somebody has to make a determination that he will be able to sustain employment over a period of time. That's what the regulation... Is that a vocational or a medical determination? I believe it's a vocational determination. That doesn't seem like what you argued in your brief. That's not what I argued in my brief. I was answering the judge's question. You don't think an expert psychiatrist trained in PTSD is qualified to opine on whether an individual's PTSD would prevent them from gaining and sustaining meaningful employment? No, Your Honor. I do not believe that a psychiatrist or a psychologist would be able to make that opinion. That is not their training. That is not what they are... They are required to assess and evaluate the severity... Isn't that precisely their training to note the severity of the PTSD and how it would impact those person's lives? Yes, Your Honor. But not how it would or would not affect the ability of a veteran with a psychiatric disability that qualifies for unemployability because they are unable to secure and follow substantial gainful occupation. And the VA defines substantial gainful... Excuse me. Doesn't define it, but does it by inference... What you're describing is the initial determination. When they make a determination of PTSD, some of the indicating factors for PTSD are those very things. Inability to maintain relationship, inability to maintain employment, and so on, right? Not as... And the psychologist is the one who asks those questions. No, Your Honor. Not as respects employment. There is nothing in the DSM that refers to employment. DSM criteria does not look to the veteran's ability to work. It looks to the presence of those symptoms and the severity of those symptoms. Let me ask you this the other way. Let's assume we agree with you. Well, let's not assume that. Sometimes I do agree with you. Maybe not often. But let's talk about this vocational specialist. How would a vocational specialist have any training on whether PTSD can or can't prevent meaningful occupation? Isn't the effects of a mental illness precisely the provenance of a psychologist or a psychiatrist? I'm not aware. I don't know what an occupational therapist do. And it may be that they have additional training. But it seems to me you're asking for some type of evidence. One, the VA has never insisted on, nor has this court ever insisted on, and that I'm not sure they're qualified to give. Well, with respect, Your Honor, I don't think that the vocational expert that we're talking about is an occupational therapist. A vocational expert is an expert in what it takes to perform the requirements of a job, what it requires in order to maintain substantial gainful occupation. So what is that? You're baffling me, honestly. Who is that person? What are their qualifications? What is their background? What kind of degrees do they have? They have degrees in vocational training and vocational evaluation to evaluate a worker's ability to perform the tasks necessary to secure and maintain employment. And these individuals are used in every social security hearing to give the social security administrative law judge the expertise about the ability of an individual to perform the tasks required to maintain employment. Are they used in VA hearings? They are not used by the VA. They have been used by me and other practitioners for at least a decade. Do those people in the social security context opine on whether... Because I assume PTSD gets raised outside of the VA context and social security as well. Do they opine on whether a PTSD diagnosis affects... Yes. Although they are not looking at the diagnosis, they are looking at the symptomatology that is presented in the medical records. What it is about sleep impairment, what it is about nightmares, what it is about irritability, temper issues, the ability to become easily distracted. Those are the kinds of things that they assess in terms of the requirement to do a 40-hour-a-week job in order to sustain that employment.  Thank you. I'm going to release this. Good morning, Your Honors. May it please the Court. So what kind of jobs should we actually be doing? So a couple of points, Your Honor. We did not actually get to address the language of the marginal employment statute in our brief because it was actually raised into the reply brief. It wasn't raised before the Board. It wasn't raised before the Veterans Court. However, the VA's interpretation of the way 4.16a is read is that marginal employment, this language, and I have it here in front of me, marginal employment shall not be considered substantially gainful employment. It's kind of a trigger where if you have a veteran who is, say, makes $500 a year doing that, that's not going to disqualify them from TDIU. It's going to say there needs to be more than that. If they were to make $12,000 a year, which is approximately the poverty threshold for an individual in 2017, then, yes, that would be something, obviously, for them to consider as to whether or not they're entitled to TDIU. But marginal employment is not the legal standard that the Board and the Veterans Court need to apply. It's, as I believe Mr. Carpenter conceded and as he wrote into his brief, it's whether or not they're able to secure or follow substantially gainful occupation. Sure, but, I mean, he does have some point that sedentary employment doesn't automatically equal more than marginal employment. You can have sedentary employment, I think you would agree, that is completely marginal. Yes, Your Honor, absolutely. However, the standard applied by the Board and the Court was not simply whether he could engage in sedentary employment. It was the medical opinion that he could engage in sedentary employment combined with his 30 years at U.S. Steel. He retired in 1998. The records talk about the problems he had with his supervisors, that he got along well with his colleagues, that he does have some sleep interruption, but he does manage to get some sleep. And all of this was combined along with his educational history to reach the determination that he had not established that he could not secure or follow substantially gainful occupation. What about his point that psychiatrists or psychologists or those kind of examiners aren't competent to opine on vocational limitations? The VA would obviously disagree with that. And I believe, as Mr. Carpenter conceded, the VA doesn't actually use occupational people to determine whether or not someone is able to engage in a certain occupation. Maybe they should. But that would be a sufficiency of the evidence argument that would need to be made before the board. And essentially, that is the argument that Mr. Wade made to the Veterans Court, was that they should have retained some sort of occupational professional to determine whether or not he could engage in this work. But they found that the board had properly relied on the evidence to determine that he was able to or had not established he was not able to secure or follow substantially gainful occupation. And just a few other points. Mr. Carpenter argued that there was no vocational evidence in the board considered by the board or the court. That argument is contrary to this court's holding in Smith v. Shinseki, which specifically held the VA is not required to do a market analysis or any sort of study as to whether or not there is what kind of jobs that should be retained in the market. Unless there are any other questions from the court, for those reasons... Is there a process? I mean, if you say that and he comes back three years from now and he shows you that he's applied for 15 jobs and he hasn't been able to obtain one of them, is that probative? I mean, is that probative? I mean, when you employ for unemployment benefits, you have a requirement to look. But at some point, you can establish that you've looked in good faith and it's not there. So according to this court's holding, there is not a requirement to do an affirmative analysis as to what jobs are available. I imagine if he were to reopen his request five years from now and to establish that sort of evidence, that would obviously be probative for the board to consider. Of course, the board cannot consider the effect of other disabilities. I believe Mr. Wade does have some disabilities which are not service-connected, but for which he does receive Social Security disability. And then also, of course, his age is not something they could consider. But if they were to be able to kind of remove those factors, yes, I imagine that would be probative evidence again for the board to consider and the regional office. So age plays no role? Yes, according to 4.16a, they may not consider the age of the veteran for the purposes of TDIU, obviously for pension benefits and other issues that may be considered. And so for those reasons, we ask that the court affirm the decision of the Veterans Court. Thank you. Thank you. To be clear, Your Honor, I do not believe a fair reading of the regulation uses marginal employment as a trigger. Marginal employment is a specific definition that is provided by the VA to give guidance to both veterans and their representatives as well as to their own adjudicators as to how you make this call, how you make a determination as to whether or not they're entitled to this benefit. What about it, Mr. Kober? In the real world, you represent a lot of folks. Do you have circumstances where somebody's shunted off saying you can obtain more than marginal employment and you come back at a later point and say, look, this guy can't hold a job. Yeah, he can get one, but he keeps getting fired. Yes, Your Honor. But then they submit these individuals to examination by VA examiners and they make this hypothetical determination that has no factual basis in the record. What I'm saying is, do you come back a second time? Oh, yes. Oh, certainly. Does the VA allow that evidence? I'm sorry, Your Honor? Does the VA allow that evidence? Oh, yes. And consider it? Yes. But I would direct the Court's attention to the blue brief at page 12 where we cite the for SECA decision from the Veterans Court in which the Veterans Court determined that the board may not reject a claim without producing evidence as distinguished from mere conjecture that the appellant can perform work sufficient to produce income other than marginal. As a consequence, what we end up with here is an expert, a VA examiner who offers an opinion that the veteran is capable. That simply, in the guise of a medical opinion, is conjecture. There is nothing in this record, there was nothing in the VA examination that provided a factual basis for that conclusion. Now, both of you judges have given hypotheticals as to what an examiner might inquire, but those inquiries were not made in this case. They are not part of the record. And then the government's reference to the fact that he worked previously for 20 or 30 years with the steel industry is simply not relevant. His ability to work previously has nothing to do with this evaluation. It is the evaluation going forward. The VA says that they would disagree that psychiatrists are capable of making this decision. VA is instructing their psychiatrist not to make this determination. They are instructing this psychiatrist to do what this court said in Gieb, and that is to examine the symptoms. Tell the VA raters what the limitations are that are observable or projectable from the veteran's psychiatric point of view based upon the severity, frequency, and duration of their symptoms. I have nothing... I'm sorry, I... Thank you. Oh, I thought you had a question. Close-up. Thank you. We thank both sides in the cases to the right.